US BANKRUPTCY COURT OF THE DISTRICT OF COLUMBIA
Chapter 13

| | | |
|---|---|---|
| CARLOS ALLEN | ) | |
| Debtor, | ) ) ) | Case# 19-00783 |
| VS. | ) ) | |
| Douglass Sloan | ) ) | Judge: Hon. S Martin Teel Jr. |
| Creditor, | ) ) | Date of Next Event: Confirmation 2/21/2020 |

FILED
FEB 21 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## DEBTOR'S ANSWER TO "CREDITOR OBJECTION HOLDING A DEBT FROM A PRIOR BANKRUPTCY THAT A DISCHARGE WAS DENIED"

Comes now the Debtor, Carlos Allen (hereinafter "Debtor"), Pro-Se, is here to answer Creditor Douglass Sloan (hereinafter Creditor) "OBJECTION BY CREDITOR HOLDING A DEBT FROM A PRIOR BANKRUPTCY THAT A DISCHARGE WAS DENIED". The initial creditor's objection was answered within the debtor's objection to the Proof of Claim by creditor Sloan filed on 01/31/20. As of this date, creditor has not answered debtor's objection.

*(Numbered brackets are the Creditor's comments and Debtor's answers will be in italic bold and underlined.)*

1. Carlos Allen ("Debtor") has proposed a Chapter 13 Plan which does not pay Creditor who was owed in a prior bankruptcy where the Debtor's discharge was denied.

***(Debtor) - Creditor has not responded to Objection to debtor's Proof of Claim so his claim is moot.***

2. The Creditor has filed a Proof of Claim in the approximate amount $398,750.20.

***(Debtor) - Creditor has not responded to Objection to debtor's Proof of Claim so his claim is moot.***

3. The Proof of Claim filed is associated with the same debt owed to Creditor that was scheduled during Debtor's prior District of Columbia bankruptcy case number 16-00023.

*(Debtor) - Prior bankruptcy case has nothing to do with the merits of this new case 19-00783.*

4. Debtor was denied a discharge in District of Columbia bankruptcy case 16-00023.

*(Debtor) - This is an entirely different case and this case has to be judged on its own merits.*

5. In an associated adversary case number 16-10027 for the underling matter in Debtor's prior bankruptcy case 16-00023, the Court Ordered that the Debtor was not entitled to a discharge in the Bankruptcy Court.

*(Debtor) - It's a matter of law each bankruptcy case has to stand on its own merits and this is a totally new bankruptcy case that the creditor has not responded to Objection to debtor's Proof of Claim.*

6. This Court's decision to deny discharge in case 16-00023 was pursuant to 11 USC 727(a)(3) for a falsified document for which financial condition could be ascertained and under 11 USC 727(a)(4)(a) for false oath.

*(Debtor) - Prior case has has nothing to do with this bankruptcy case 19-00783.*

7. Subsequently, the District of Columbia Bankruptcy Court's decision to deny Debtor's ability to receive a discharge was upheld in appeals in the United States District Court for the District of Columbia case number 18-CV-00138 RVW and United States District Court for the District of Columbia case number 18-CV-001442 RVW, respectfully.

*(Debtor) - Prior case has case has nothing to do with this bankruptcy case 19-00783.*

8. Debtor was sanctioned by the DC Superior Court for failures to comply with the orders of the Court and directed to pay Attorney Howard Haley sanctions for his behavior.

*(Debtor) - This has no relevance to bankruptcy case filed in 2019.*

9. Debtor failed to pay the sanctions and seeks to avoid the penalty imposed by the DC Superior Court Judge.

*(Debtor) - Creditor Howard Haley filed a proof of claim for $4,500 with the bankruptcy courts and he is a creditor listed with the debtor.*

10. Thus, Debtor's Amended Chapter 13 plan as proposed by the Debtor would therefore be insufficient to pay the claims associated with the debts owed to Douglass Sloan or Howard Haley.

*(Debtor) - Creditor has not responded to Objection to debtor's Proof of Claim so at this time his claim is moot.*

11. Debtor's Amended Chapter 13 plan is also insufficient to pay the claims associated with the debts owed to Douglass Sloan or Howard Haley.

*(Debtor) - Creditor has not responded to Objection to debtor's Proof of Claim, claim is moot.*

**Argument**

Creditor's counsel likes to throw up dust in order to confuse the courts as to the truth. His references to a prior bankruptcy case constitute a false depiction, and MOST IMPORTANTLY, they are HIGHLY IRRELEVANT. If opposing counsel is allowed to engage in such irrelevant mudslinging, **then the Court should indulge Debtor to engage in depictions of opposing counsel's prior egregiously wrong acts as well;** HOWEVER, the law requires that, here today, this Honorable Court's inquiry should be STRICTLY LIMITED TO THE MERITS of the PRESENT BANKRUPTCY CASE 19-00783.
The present Bankruptcy case should be adjudged purely on its own merits, and the ONLY thing that matters, in this present Bankruptcy Case is that on 01/31/20 Debtor had filed an Objection to Creditor's Proof of Claim and to this date 02/20/20, Creditor has not responded and the law requires and mandates that the Creditor responds to said Objection. Until creditor answers said Objection, any further discussion here is moot.

**Wherefore,** For the foregoing reasons, the Debtor respectfully request that this Court deny Creditors Proof Of Claim.

Respectfully submitted,

Carlos Allen (Pro Se)
1715 Kilbourne Pl NW
Washington DC 20010
Carlos5716@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that copy of the foregoing Answer was served upon the following via 1st Class Mail:

Howard Haley – 7600 Georgia Ave Suite 405 Washington DC 20012

Rebecca Herr Chapter 13 Trustee – 185 Admiral Cochrane Dr. #240 Annapolis MD 21401

US Trustee for Region 4 – 1725 Duke St #650 Alexandria, VA 22314

Respectfully submitted,

*[signature]*

Carlos Allen (Pro Se)

1715 Kilbourne Pl NW

Washington DC 20010

Carlos5716@yahoo.com

240-678-9846

4